UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MAURICE DWAN SMITH, | ) | CASE NO. 4:19 CV 60 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| CORE CIVIC AMERICA, *et al.*, | ) | AND ORDER |
| | ) | |
| | ) | |
| Defendants. | ) | |

*Pro se* Plaintiff Maurice Dwan Smith, a federal prisoner incarcerated at FCI Gilmer in West Virginia, has filed this civil rights action pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) ("*Bivens*") against Core Civic of America (CCA), a private company that owns and manages private prisons and detention centers, and Physician "Saferra." (Doc. No. 1.) His Complaint alleges "neglect of proper medical treatment" while he was previously detained in "CCA-Youngstown." (*Id*. at 7, 9.)

The Plaintiff alleges that while he was detained in CCA-Youngstown, he experienced extreme pain in his left leg, but his repeated requests for medical attention were denied. He alleges his condition became so bad that he developed "mercer,"[1] required surgery, and as a result, he now has "limited mobility" in his ankle and can no longer exercise, lift heavy objects, or walk properly.

---

[1] The Plaintiff is apparently referring to the methicillin-resistant staphylococcus infection known as "MRSA."

(*Id*. at 9.) He seeks $510,000 in monetary compensation, and that CCA be required to pay the medical expenses he has incurred and will incur in the future "for pain caused by muchly needed surgery that needed to not happen least for . . . negligence." (*Id*.)

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), federal district courts are required to screen all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such action that the Court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Additionally, federal courts are authorized "at any time, [to] *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

Upon review, the Court finds that the Plaintiff's Complaint must dismissed pursuant to § 1915(e)(2)(B) and *Apple v. Glenn*. *Bivens* created a limited private right of action for damages against individual federal government officials alleged to have violated a citizen's constitutional rights. But the Supreme Court expressly held in *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 70–74 (2001), that a private corporation that operates a federal prison – such as CCA – cannot be sued for damages under *Bivens*. The Supreme Court reasoned that the purpose of *Bivens* was to deter individual federal officers, and not agencies, from committing constitutional violations. Accordingly, pursuant to *Malesko,* the Plaintiff has alleged no cognizable *Bivens* claim against CCA.

Nor does the Plaintiff have any viable *Bivens* claim against the individual physician named in his Complaint. In *Minneci v. Pollard*, 565 U.S. 118, 131 (2012), the Supreme Court held: "[W]here . . . a federal prisoner seeks damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law (such as the conduct involving improper medical care at issue here), the prisoner must seek a remedy under state tort law" and may not pursue relief under *Bivens*.

*Minneci* thus bars any federal constitutional claim the Plaintiff seeks to assert for improper medial care against an individual employee of a private prison because state tort law provides a remedy for medical negligence. *See id*.

**Conclusion**

Accordingly, for the reasons stated above, the Plaintiff's Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and *Apple v. Glenn*. The Plaintiff's Motion for U.S. Marshal to Effect Service (Doc. No. 10) is denied.

This dismissal is without prejudice to any state-law tort claim the Plaintiff may assert on the alleged facts, and the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Date: May 13, 2019
　　　　　　　　　　　　　　　　　　　　　　　　/s/ John R. Adams
　　　　　　　　　　　　　　　　　　　　　　　　JOHN R. ADAMS
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE